## THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione* HENRY HARRIS *v.* EDMUND D. TAYLOR.

*Application for a writ of Habeas Corpus.*

The Supreme Court has no original jurisdiction to authorize the allowance of writs of *Habeas Corpus.* It has no authority except as an appellate Court, in the review of legal proceedings, to allow writs of *Habeas Corpus.* But a party can apply for such writ to one of the judges of the Supreme Court, or to one of the judges of the Circuit Courts, and obtain the writ.

A. COWLES, for the People.

A. P. FIELD, for the defendant.

SMITH, Justice, delivered the opinion of the Court:

The allowance of a writ of *Habeas Corpus* in this case is refused. The Court has no original jurisdiction to authorize the allowance of such writs, unless it be in the exercise of their appellate powers. In the present instance, the party who it is said is restrained of her liberty, does not appear to be held under, or by virtue of any process or other legal authority, or the color of any, but is alleged to be holden without pretense of right, and by mere arbitrary force. It cannot be doubted that the Court have no jurisdiction in the case.

In the case of Bollman and Swartwout,(2) the Supreme Court of the United States, whose organization under the constitution of the United States, is similar to ours, as an apellate Court, decided that it had no authority, except as an appellate Court in the review of legal proceedings, to entertain jurisdiction and allow writs of *Habeas Corpus.* The party can apply to a judge of this Court or to one of the judges of the Circuit Courts, and obtain the writ.

*Motion disallowed.*

(1) Meecher *et al. v.* Wilson, 1 Gallison 519.
(2) 4 Cranch 75; 2 Peters' Cond. R. 33.